**Deborah Ann LYNCH, Appellee,**

v.

**CITY OF DES MOINES,**
**Iowa, Appellant.**

No. 89–1589.

Supreme Court of Iowa.

Dec. 19, 1990.

Nelda Barrow Mickle, City Sol., for appellant.

Mark McCormick and Margaret C. Callahan of Belin Harris Helmick Tesdell Lamson McCormick, P.C., and Roxanne Barton Conlin of Galligan & Conlin, P.C., Des Moines, for appellee.

SCHULTZ, Justice.

On appeal, both parties to this civil rights action challenge the trial court's award of attorney fees and expenses to the plaintiff. The defendant City of Des Moines (city) claims the award is too high; the successful plaintiff, Deborah Ann Lynch, cross-appeals claiming the award is too low. We affirm the trial court.

Lynch, a former police officer with the Des Moines police department, brought this action claiming the city had violated the Iowa Civil Rights Act, Iowa Code chapter 601A (1985), by maintaining a sexually hostile work environment at the police department. The court awarded Lynch $10,000 in damages for emotional distress and the city was ordered to develop and implement a plan of education and training to prevent, detect, and correct sexual harassment at

238

the police department. On appeal, we affirmed the award. *Lynch v. City of Des Moines,* 454 N.W.2d 827 (Iowa 1990).

Plaintiff made application pursuant to Iowa Code section 601A.15(8)(a)(8) (1985) for her attorney fees and expenses totaling $171,562. Following an evidentiary hearing, the trial court entered an award of $90,139. Later, the court increased the award by the sum of $5,000 to include the fee for plaintiff's expert witness and for her attorney's preparation and participation in the attorney fee hearing.

The fee application indicates plaintiff's counsel asked to be paid for 888.6 hours at rates between $100 to $175 per hour plus a multiplier. The requested hourly rates increased during the lengthy period of litigation. Plaintiff also sought $42,290 for other expenses including the use of associate lawyers, legal assistants, and clerks.

In arriving at the award, the trial court adjusted the application as follows: (1) It reduced plaintiff's attorney's hours by twenty-five percent and applied a billing rate of only $100 to all hours allowed; (2) it reduced the dollar amount requested for other attorneys and reduced the rate for legal assistants and law clerks by thirty percent; and (3) it reduced most expenses by thirty percent and made specific allowance for two experts in amounts approximately half of those requested. The court also reduced the fees requested by the attorneys representing Lynch on the later fee hearing to an hourly rate of $100 per hour.

We recently held that our review of the allowance of attorney fees awarded in a civil rights action under chapter 601A is under an abuse of discretion standard. *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 897 (Iowa 1990). This court will not find an abuse of discretion unless it is shown " 'that such discretion was exercised on grounds ... clearly untenable or, to an extent clearly unreasonable.' " *State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982) (quoting *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979)).

In *Landals,* we addressed the burden of proof and appropriate factors to consider in allowing attorney fees as follows:

The burden is upon the applicant for attorney fees to prove both that the services were reasonably necessary and that the charges were reasonable in amount. Appropriate factors to consider in allowing attorney fees include the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service. The district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case.

*Landals,* 454 N.W.2d at 897. (citations omitted). We now address the parties' contentions.

We shall summarize the pertinent claims made by the parties. The city contends that (1) the cost of litigation should not exceed an amount that a reasonable person would incur to secure $10,000 in relief; (2) the award should not have included time and expense for unsuccessful claims; (3) the award was excessive and unreasonable; and (4) an award should not include the preparation and pursuit of the fee and cost application. Plaintiff urges that the requested fees should not have been reduced but should have been allowed at the market rate as established by the evidence.

■ I. *Amount of the award.* The city urges that the award of fees and expenses should be governed by the amount a reasonably prudent person would incur to secure the damages awarded. This proposal is primarily a claim that the trial court abused its discretion in failing to award fees and expenses proportional to the amount of the money judgment.

Several reasons dictate that we should not follow the city's suggestion. First, the judgment allowed damages and the city was ordered to develop an affirmative action program. The money value of the

damages awarded is difficult to ascertain, but an affirmative action program should add an important contribution to the working environment of city employees. The city's contention that fees be awarded in proportion to the amount of judgment would not compensate plaintiff's counsel for this public interest achievement. The reason a successful civil rights litigant is entitled to attorney fees "is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts." *Ayala v. Center Line, Inc.*, 415 N.W.2d 603, 605 (Iowa 1987). This reason alone requires us to reject the city's contention.

Second, proportioning the fees on the basis of the size of the award ignores all of the other factors we mentioned in *Landals*. We would be ignoring such factors as the difficulty of the issues, experience of the lawyer, and customary charges. *See Landals*, 454 N.W.2d at 897.

Third, to adopt the city's suggestion would allow a civil rights defendant to force the victim to settle all smaller claims. A defendant with greater resources could utilize tactics that would result in excessive time and effort which many plaintiffs could not afford. It would be ironic, indeed, if a victim of discrimination is provided rights under chapter 601A but could not enforce them because the victim's attorney could not be adequately compensated.

All of these reasons suggest that we cannot place undue emphasis on the size of the judgment, but must look at the whole picture. *See id.* Also, we must give consideration to the public interest advanced by counsel for a civil rights plaintiff.

**II. *Unsuccessful claims.*** The city contends that the attorney fees and costs awarded by the court were not reasonably necessary or rationally related to the whole case and the relief achieved. Specifically, it urges that part of the fees and costs incurred were unnecessary because the complainant failed to prove many of her claims.

We stated in *Landals* that the court did not abuse its discretion in allowing fees for time expended on unsuccessful claims involving alternate and related claims. *Landals*, 454 N.W.2d at 897. We conclude that plaintiff's unsuccessful claims involve a common body of facts related to her successful claims. Therefore, the city's contention has no merit.

**III. *Excessiveness of award.*** Throughout the city's argument, it insists that the attorney fees and costs allowed were excessive and unreasonable. It urges that the court is not bound by hourly fee charges. We agree with this contention; however, we do not agree that the fee award was excessive and unreasonable.

A review of the record made at the hearing shows plaintiff presented a strong case to meet her burden of proving the fees and costs requested. She presented expert testimony concerning the reasonableness of the time spent by her counsel and support staff. The city presented no evidence to contradict plaintiff's evidence supporting her fee application.

In its ruling, the trial court carefully weighed relevant factors in arriving at its holding. The court heard both the case in chief and the fee application. In reducing the hourly rate and number of hours, the court stated:

> It is not fair to criticize Plaintiff's counsel that she worked too hard or spent too much time and money on this case. However, it is fair and reasonable, after hearing the evidence in this case, for the Court to conclude that all the services and expenses were not reasonably expended for the presentation of the case and that all the fees were not rationally related to this specific case being presented in this court....

The court detailed the factors it relied upon, which are similar and more detailed than those we approved in *Landals*. Even though these factors invite second-guessing, the issue is whether the trial court abused its discretion in determining the time spent and whether the rate afforded is untenable or unreasonable.

Finally, we believe another factor supports the trial court's award. One of the

factors considered by the trial court and mentioned in *Landals* is "the time necessarily spent...." *Id.* The city complains about plaintiff's expenditure of time, effort, and money. The city made a significant contribution to this excess, however. The city's obstinate stance prevented the settlement of this case, which would have reduced the time spent. A letter written at the beginning of the case shows that plaintiff's attorney essentially begged the city to enter into settlement negotiations at a time when her fees were $1,500. She proposed a settlement again when her fees were less than $3,300. Shortly thereafter, plaintiff offered to settle for $15,000 when her fees and expenses were less than $3,500. The city essentially ignored these requests. It made and stood by an offer of $2,500 for damages plus court costs and $3,500 for attorney fees. We believe that the city's approach to this case significantly contributed to the time and expense incurred by plaintiff.

At every stage of the proceeding the city made little effort to conserve time. As an example, the city listed the number of trial witnesses expected to be called at seventy-seven and then later reduced it to seventy-three. Plaintiff took thirty-five depositions in the month before trial. The city called thirty-five witnesses at trial. We are in no position to criticize or justify either the extended list or the number of actual witnesses. We believe that these numbers demonstrate the time required to prosecute the case.

IV. *Adequacy of the award.* The plaintiff urges that the court abused its discretion in failing to award all the fees and expenses requested. She maintains that the court, in response to an Iowa Rule of Civil Procedure 179(b) motion, failed to identify any claims or legal theories involved in the case on which she did not prevail. She also maintains that her attorney's hourly rates were in line with prevailing rates.

■ Regarding the hourly rate, the trial court need not adopt fees suggested by an expert witness. We have often recognized that a district court is an expert on the issue of reasonable attorney fees. *Landals,* 454 N.W.2d at 897. Without further elaboration, we conclude that the hourly rates adopted by the trial court for attorneys and support staff were not erroneous.

■ Regarding the time expended, the trial court reduced the fee because it believed that plaintiff's counsel expended time not reasonably related to the specific case tried to the court. The court heard the evidence at trial, studied the time charts, and concluded that the time and effort was excessive. The court can arrive at this general conclusion without specifying with exactness each hour of time unnecessarily spent. We agree that the trial court's discretion in setting fees is not limitless. The court had the benefit of observing a lengthy trial. Thus, it was in an ideal position to judge the necessity of time and effort spent by counsel and the rationality of the relationship between the services rendered and the civil rights action. After examining the record, we conclude that plaintiff does not have a legitimate complaint concerning the award. Therefore, we find no abuse of discretion in the trial court's ruling on fees and expenses.

■ V. *Posttrial expense.* Finally, the city maintains the district court erred in awarding fees and costs for the preparation and pursuit of the fee and cost application. We disagree. A successful plaintiff in a civil rights action is entitled to "reasonable attorney fees." § 601A.15(8)(a)(8). Civil rights awards are intended to remedy the harm done by a civil rights violation and can be characterized more as an equitable remedy than as an award for actual damages. *Ayala,* 415 N.W.2d at 605. The damages awarded are separate from the underlying action, but are still part of the remedy provided to a plaintiff. No logical reason compels us to conclude that the legislature only intended the allowance of attorney fees for services in obtaining relief for the underlying civil rights violation. Rather, we believe the purpose of the act is to provide the injured party full relief, including the payment of the litigation expense of attorney fees. *See Jones v. Mac-*

*Millan Bloedel Containers,* 685 F.2d 236, 239 (8th Cir.1982).

VI. *Summary.* We hold that the trial court did not abuse its discretion in awarding the plaintiff attorney fees and expenses incurred in either the civil rights trial or the fee application hearing. The matter is remanded to the district court to conduct hearings on appellate attorney fees.

AFFIRMED AND REMANDED.

All Justices concur except LARSON, J., who takes no part.