Stephanie EDSON, Appellant/Cross–Appellee,

v.

Ted CHAMBERS D/B/A Chambers Agency D/B/A Chambers Property Management D/B/A S & T Rental D/B/A J & T Rental D/B/A Henderson House, Appellee/Cross–Appellant.

No. 93–803.

Court of Appeals of Iowa.

May 26, 1994.

Michael Marshall and Donald L. Carr II of Smith, Schneider, Stiles, Wimer, Hudson, Serangeli, Robinson, Mallaney, Shindler, Scalise & Sandre, P.C., Des Moines, for appellant.

Leon F. Spies of Mellon & Spies, Iowa City, for appellee.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ., but decided by DONIELSON, C.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

Stephanie Edson filed an action against her former employer, Ted Chambers, claiming he had violated the Iowa Civil Rights Act, Iowa Code chapter 601A (1991) (now 216A), by engaging in hostile work environment sexual harassment. Edson also raised claims of wrongful discharge, wrongful eviction, and conversion. The defendant was granted summary judgment on all claims except the sex discrimination count and the conversion claim. The district court awarded Edson $10,000 in damages for emotional distress and $992 for past lost earnings.

Edson requested attorney fees and expenses totaling over $22,000. She requested the court enhance the award for attorney fees and expenses by a multiplier of 2.0 because of the high risks involved and the results achieved. The court determined she was entitled to attorney fees but not an

enhanced award. The court did not allow compensation for the services of the law clerk and denied compensation for expenses regarding the claim for attorney fees. The court also denied expenses for Edson's attorney's travel as well as expenses for investigative services. The court entered an award in the amount of $9770 for legal services.

Edson filed a motion to enlarge requesting the court reconsider its reduced award of attorney fees and expenses. The defendant resisted the motion. On April 23, 1993, the district court entered a ruling allowing $300 for the cost of each expert witness, all copy expenses, recording fees, records expense, and cost of the small claims transcript. In addition, long distance calls and facsimile expenses were to be reimbursed. However, the district court continued to deny recovery of expenses for travel, investigation fees, and law clerk fees. In May 1993 Edson filed a second motion to amend and enlarge. Edson now appeals the award of reduced attorney fees and expenses. Chambers cross-appeals, contending the award was excessive.

■ We review an award of attorney fees in a civil rights action under section 601A for an abuse of discretion. *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990). This court will not find an abuse of discretion unless "such discretion is exercised on grounds or for such reasons clearly untenable or to an extent clearly unreasonable." *Hutchinson v. Smith Labs., Inc.*, 392 N.W.2d 139, 141 (Iowa 1986) (citations omitted). This discretion is abused if it is clear the judge has applied an improper standard, failed to follow established legal rules, or has based the decision on a record devoid of facts to support the decision. *Berg v. Des Moines General Hosp. Co.*, 456 N.W.2d 173, 176 (Iowa 1990) (citations omitted).

■ Edson contends the district court abused its discretion when it awarded her reduced attorney fees. She claims the fees for those services should have been calculated using the market rate rather than a reduced rate. We disagree. Edson had two expert witnesses testify as to the reasonable rate of attorney fees. Each testified $125 per hour was the reasonable rate in this type of case.

■ The district court need not adopt the fees suggested by an expert witness. *Lynch v. City of Des Moines*, 464 N.W.2d 236, 240 (Iowa 1990). The district court is recognized as an expert on the issue of reasonable attorney fees. *Id.* (citing *Landals*, 454 N.W.2d at 897). The court established $100 per hour as the reasonable rate. This rate was neither clearly untenable or unreasonable so as to constitute an abuse of discretion by the district court.

■ Next, Edson argues the court should have awarded attorney fees relating to the services provided by her attorney's law clerk. Although the district court stated it knew of no authority to allow payment for law clerk time in a civil rights action, there is definite precedent for allowing this payment.

The United States Supreme Court has held law clerk and paralegal fees are compensable as a part of an attorney fees award. *Missouri v. Jenkins*, 491 U.S. 274, 284, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229, 241 (1989) (construing 42 U.S.C. § 1988). Our supreme court applied this standard to paralegal fees awarded under section 601A.15(8)(a)(8) in *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 898 (Iowa 1990). This standard should have been applied to this case. The district court failed to follow established legal precedent. In the face of the court's refusal to follow precedent, we are compelled to find an abuse of discretion. We reverse the district court on this issue.

■ The district court also denied payment for travel expenses and the cost of investigative services. Edson argues these costs are part of those costs normally charged to a fee-paying client, therefore the district court abused its discretion in denying payment.

■ Awards for travel and investigative expenses are within the district court's discretion. *See Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069 (8th Cir. 1991). Other expenses which the court did award, such as telephone and photocopying expenses, are also discretionary. These deci-

sions were well within the district court's discretion, and we find no abuse.

■ In addition Edson contends the court abused its discretion when it did not enhance the fees and costs awarded by a multiplier of 2.0. She argues an enhanced fee is necessary compensation given the difficulty of the case, the importance of the issues involved, and the results obtained. We disagree.

■ In some cases of exceptional success an enhanced award of attorney fees *may* be justified. *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40, 52 (1983) (emphasis added). The district court's discretion in setting fees is not limitless. *See Lynch,* 464 N.W.2d at 240. However, the district court was in the ideal position to judge the time and effort of counsel and the relationship between the services rendered and the civil rights action. *Id.* It recognized this case was "a complex case with a risk of no recovery." Even so, it determined the hours expended multiplied by a reasonable rate ($100) was a reasonable fee. After examining the record, we conclude there are no grounds requiring enhancement of the attorney fees award.

■ Finally, Edson claims she is entitled to recover attorney fees and costs incurred in litigating the issue of attorney fees. The district court awarded her $1,090 for expenses which included $300 for each expert witness. It refused to award her attorney fees.

While we feel a request for attorney fees should not result in a second major litigation, *see Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941, we recognize Edson was a prevailing party, entitled to full relief, including payment of the litigation expense of attorney fees. *Lynch,* 464 N.W.2d at 240 (citing *Jones v. MacMillan Bloedel Containers,* 685 F.2d 236, 239 (8th Cir. 1982); *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 898 (Iowa 1990).

The district court abused its discretion in refusing to award Edson attorney fees for this litigation expense. We reverse the district court on this issue. We now turn to Chambers' cross-appeal.

■ Chambers claims the district court abused its discretion when it awarded Edson attorney fees for services rendered before the filing of her complaint with the Civil Rights Commission. In *Hamer v. Iowa Civil Rights Commission,* 472 N.W.2d 259, 266 (Iowa 1991), our supreme court upheld a Civil Rights Commission's ruling which denied a complainant attorney fees for prenotice services of the attorney. The court found no abuse of discretion on the part of the commission. While the district court's decision to award attorney fees for prenotice services is at issue here, rather than an agency determination, we still review for an abuse of discretion. After reviewing the record, we fail to find an abuse of discretion.

■ Chambers also contends the attorney fees award should be reduced as Edson failed to prevail on all of her claims. He argues the district court abused its discretion in assessing fees associated with Edson's unsuccessful claims or those claims which were dismissed.

Each of Edson's claims arose from a "common core of facts." *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. The district court was not required to proportion the fees to reflect the fact Edson was awarded only a fraction of the amount claimed. *Lynch,* 464 N.W.2d at 239. We conclude Edson's unsuccessful claims involved the same core facts related to her successful claim. Therefore, Chambers' contention has no merit.

In summary, we find the district court did not abuse its discretion by: 1) setting the rate used in calculating the reasonable fee at $100 per hour; 2) denying travel and investigative fees as part of attorney fees; or 3) refusing to enhance the attorney fees award. We affirm on these issues.

We find the court abused its discretion for 1) refusing to compensate Edson for law clerk fees in view of clear authority which provides for this compensation and 2) failing to award attorney fees for litigating the issue of attorney fees in view of clear authority. We reverse on these two issues. Chambers' cross-appeal is denied.

We remand to the district court for assessment of fees and expenses in accordance with this decision.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HAYDEN, J., takes no part.