# IN THE COURT OF APPEALS OF IOWA

No. 14-0293
Filed April 22, 2015

**STEPHEN J. GANNON,**
       Plaintiff-Appellee,

**vs.**

**WILLOW CREEK CENTURY
FARMS, L.L.C.,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Worth County, Gregg Rosenbladt, Judge.


Willow Creek Century Farms appeals the denial of its motions for new trial and judgment notwithstanding the verdict.  **AFFIRMED AND REMANDED.**


Joel J. Yunek of Yunek Law Firm, P.L.C., Mason City, for appellant.

Collin M. Davison of Heiny, McManigal, Duffy, Stambaugh & Anderson, P.L.C., Mason City, for appellee.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Willow Creek Century Farms, L.L.C. (Willow Creek) appeals the district court's denial of its motions for new trial and judgment notwithstanding the verdict (JNOV). Willow Creek claims the damages awarded to Steve Gannon were speculative, Gannon untimely disclosed expert witnesses, and Gannon should not have been awarded trial attorney fees. Gannon asks for appellate attorney fees. We find the evidence supports the award of damages as the damages were not overly speculative. We find Willow Creek failed to preserve error on its challenge to Gannon's expert witnesses, and the district court did not abuse its discretion by awarding Gannon trial attorney fees. We find Gannon is entitled to appellate attorney fees and remand to the district court for the limited purpose of an evidentiary hearing on, and the fixing of, appellate attorney fees.

## I. BACKGROUND FACTS AND PROCEEDINGS

In 2002, Steve Gannon and Lynn and Jamie Sorenson (father and son) entered into an oral agreement to rent farmland. Gannon agreed to rent the farmland owned by the Sorensons, and then hire the Sorensons to farm the land. Gannon would market the grain. The agreement was placed in a written contract, which neither party signed. For the first year (2002) the parties operated under an oral agreement.

In 2003, the Sorensons formed two corporations. Willow Creek Century Farms L.L.C. was created for inheritance and operations purposes. Sorenson Farms Inc. was created to handle the equipment and labor operations. The Sorensons conveyed the farmland subject to the oral agreement with Gannon to

Willow Creek. The oral agreement between Willow Creek and Gannon was reduced to writing (Farm Lease)[1] and signed by Gannon and Willow Creek's President Lynn Sorenson. At the same time, Gannon and Sorenson Farms Inc. entered into a written equipment lease,[2] and a written agreement for the Sorensons to operate the leased equipment and farm the land (agreement for operation of farm equipment).[3] After drafting a new written lease for the farmland in 2004, the parties decided to orally modify the three contracts each year rather than create new annual contracts.

On February 27, 2012, Gannon sent Willow Creek rent for the first half of 2012. Willow Creek refused to accept Gannon's payment, and leased the land to a third party. On October 25, 2012, Gannon filed a petition against Willow Creek and Sorenson Farms[4] alleging a breach of the three agreements between the parties. Gannon requested damages, reasonable attorney fees, and other equitable relief. In its answer, Willow Creek/Sorenson Farms admitted the existence of the written agreements, but alleged the agreements had been orally modified and verified by the parties' subsequent performance and writing. The answer also alleged Gannon had renounced the agreements, and was in breach of the agreements by not "tendering by March 1, 2013, 1/4 payment of the contract on a holdover basis from the 2011 oral agreement."

---

[1] The contract concerned 1227 acres and set the annual rent at $147,240.
[2] The equipment lease leased the equipment and machinery necessary to farm the land leased to Gannon from Willow Creek.
[3] The agreement outlined the arrangement between Gannon and the Sorensons, where Gannon agreed to hire the Sorensons to farm the land leased to Gannon, while using the equipment noted in the equipment lease.
[4] The claims against Sorenson Farms Inc. were dismissed.

On February 22, 2013, the district court entered a trial scheduling order setting trial for December 11, and requiring Gannon to identify any expert witnesses. On May 14, Gannon certified three experts, Chad Hanson, Kenneth Hanus, and Jorge Paulsen. On November 5, Gannon learned Hanus had a conflict and would not testify. On November 7, Gannon filed a motion for leave to amend expert witnesses, identifying Dave Bernhardt as Hanus's replacement. On November 8, Willow Creek filed a resistance to Gannon's motion for failure to answer an Iowa Rule of Civil Procedure 1.508 expert witness interrogatory. On November 11, Gannon filed a supplemental answer to interrogatory No. 2 (rule 1.508 expert interrogatory). In response, Willow Creek filed a motion to strike designation of expert witnesses Hanson, Hanus, and Paulsen; and claimed Gannon's expert witness disclosure was untimely. Willow Creek filed a motion in limine on November 11 requesting the district court enter an order prohibiting Gannon from disclosing certain matters to the jury. The district court did not rule on any of the November or December pretrial motions.

On December 11, 2013, the case proceeded to trial on the claim Willow Creek breached the 2004 orally modified contract for the 2012 crop year. Gannon sought damages for lost profits totaling $428,041.31. The case was submitted to the jury on December 19. On December 20, the jury returned a verdict in favor of Gannon awarding him damages of $290,750.65.

On December 24, Gannon filed a motion to set attorney fees and assess costs pursuant to paragraph 14 of the 2004 written farmland lease, which permitted the court to award costs and attorney fees to the prevailing party.

Willow Creek resisted Gannon's motion. Willow Creek also filed a motion for judgment notwithstanding the verdict (JNOV), or in the alternative, a motion for new trial. On January 28, 2014, the district court denied Willow Creek's motions, and granted Gannon's motion for attorney fees. Willow Creek appeals from the district court's order.

## II. STANDARD OF REVIEW

We review a district court's decision to deny a motion for judgment notwithstanding the verdict for errors at law. *Lee v. State, Polk Cnty. Clerk of Court*, 815 N.W.2d 731, 736 (Iowa 2012). In reviewing the court's decision, we must determine whether sufficient evidence existed to justify submitting the case to the jury at the conclusion of the trial. *Id.* We view the evidence in the light most favorable to the nonmoving party. *Id.*

"The scope of our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion." *Channon v. United Parcel Serv., Inc.*, 629 N.W.2d 835, 859 (Iowa 2001). "'To the extent the motion is based on a discretionary ground, we review it for an abuse of discretion. But if the motion is based on a legal question, our review is on error.'" *Id.* (quoting *Roling v. Daily*, 596 N.W.2d 72, 76 (Iowa 1999)). In this case, Willow Creek claims Gannon's damages claim was too speculative and should not have been submitted to the jury; therefore we review for an abuse of discretion. *Ellwood v. Mid States Commodities, Inc.*, 404 N.W.2d 174, 178 & 183 (Iowa 1987) (holding trial court abused its discretion by allowing recovery for uncertain or speculative damages).

We review the district court's grant of attorney fees for an abuse of discretion. *City of Des Moines v. Housby-Mack, Inc.*, 687 N.W.2d 551, 554 (Iowa 2004).

## III.   ANALYSIS

### A.   Speculative Damages

Willow Creek claims Gannon's damage claim was overly speculative and the jury verdict was "flagrantly excessive."[5]  We find error was not preserved on an excessive damages claim[6] and limit our review to Willow Creek's speculative damage claim.  Willow Creek contends Gannon's claim for damages was overly speculative because it was based on his intent to acquire crop insurance in 2012, and the subsequent crop insurance payout he would have received if he had farmed the land.[7]  We disagree.

> "As a general rule, the party seeking damages bears the burden of proving them; if the record is uncertain and speculative as to whether a party has sustained damages, the factfinder must deny recovery." *Data Documents, Inc. v. Pottawattamie Cnty.*, 604 N.W.2d 611, 616 (Iowa 2000).  "There is a distinction between proof of the fact that damages have been sustained and proof of the amount of those damages." *Pavone v. Kirke*, 801 N.W.2d 477,

[5] Willow Creek does not challenge the jury's finding it breached the leases and agreement with Gannon.

[6] Willow Creek did not raise an excessive damage claim when it orally moved for directed verdict at trial—it focused solely on the speculative nature of the damages.  In its motion for JNOV or motion for new trial, Willow Creek did not raise an excessive damage claim and the district court did not provide a ruling on an excessive damage claim.  A party ordinarily must raise an issue and the district court must rule on that issue to ensure preservation for appellate review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  Therefore, we find error was not preserved on Willow Creek's excessive damages claim.

[7] Willow Creek also claims Gannon's damages should be calculated pursuant to the method set out in the crop insurance policy.  Since the damages in this case stem from a breach of contract between a landlord and tenant,(not damages resulting from a lost opportunity to collect insurance payments), and Gannon clearly framed his claim as one for lost profits, we analyze Gannon's claim as one for lost profits in general.

495 (Iowa 2011) (quoting *Olson v. Nieman's, Ltd.*, 579 N.W.2d 299, 309 (Iowa 1998)). "[I]f the uncertainty merely lies in the amount of damages sustained, recovery may be had if there is proof of a reasonable basis from which the amount can be inferred or approximated." *Id.* (citation and internal quotation marks omitted). "Thus, some speculation on the amount of damages sustained is acceptable," but a plaintiff cannot recover overly speculative damages. *Id.*

*St. Malachy Roman Catholic Congregation of Geneseo v. Ingram*, 841 N.W.2d 338, 352 (Iowa 2013).

In this case, Gannon sought damages for the breach of the lease agreements and the operation agreement, which included lost profits, attorney fees, and other equitable relief. The Iowa Supreme Court has recognized lost profits are a permissible form of damages in breach of lease and breach of contract cases. *See Yost v. City of Council Bluffs*, 471 N.W.2d 836, 840–41 (Iowa 1991); *Dopheide v. Schoeppner*, 163 N.W.2d 360, 367 (Iowa 1968). In *Dopheide*, our supreme court defined the rule for determining when lost profits can be shown as part of a party's damages:

> (1) Such damages must have been within the contemplation of the parties at the time the lease was made;
> (2) Such damages must be the natural and direct result of the breach; and
> (3) Such damages must be established with reasonable certainty and may not be based upon speculation and conjecture.

163 N.W.2d at 367.

At trial, the burden to prove the damages from the breach was on Gannon. Gannon presented evidence showing he had rented the land in question for the past eight years. He obtained insurance on the land each year. Gannon submitted Exhibit 43, which provided the basic means for the jury to calculate lost profits. Gannon also provided data concerning the gross income he would have

earned if not for the breach and the expenses he would have incurred to generate the gross income. The data was supported by documentation and expert testimony. Gannon provided Exhibit 7, which listed the yield received for each of the past eight years (2002–2011). To account for the level of insurance Gannon anticipated having on the crops, he reduced the total bushels that would have been produced to eighty-five percent.[8] Gannon reduced his gross revenue to eighty-five percent because this was the revenue he was certain to receive regardless of poor conditions. Finally, under his duty to mitigate damages, Gannon offset his gross damage calculation by expenses he would have incurred.[9]

Gannon's damage claim was extensively detailed and supported by sufficient evidence at trial. We find the district court did not err in denying Willow Creek's motion for new trial or JNOV since sufficient evidence supports the submission of Gannon's damage claim to the jury, and the claim was not overly speculative.

### B. Misconduct in Pretrial Discovery and Trial Proceedings

Willow Creek claims the district court erred in failing to grant a new trial due to Gannon's untimely disclosure of his expert opinions. The district court did not rule on Willow Creek's motions concerning Gannon's experts. Willow Creek did not subsequently file a motion requesting a ruling; therefore we find Willow Creek has failed to preserve error on this claim. It is a fundamental doctrine of

---

[8] Gannon produced evidence showing he had purchased eighty-five percent level crop revenue insurance from 2002 through 2011.
[9] These expenses include the cost of employing Sorenson Farms's equipment and services, fertilizer, chemicals, seed, insurance, and other miscellaneous expenses.

appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier*, 641 N.W.2d at 537. To preserve error on even a properly raised issue on which the district court failed to rule "the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.*

### C.    Trial Attorney Fees

Willow Creek claims substantial evidence does not support the award of Gannon's trial attorney fees.  Iowa Court Rule 6.103(2) addresses the award of attorney fees entered after a final order or judgment:

> A final order or judgment on an application for attorney fees entered after the final order or judgment in the underlying action is separately appealable.  The district court retains jurisdiction to consider an application for attorney fees notwithstanding the appeal of a final order or judgment in the action.  If the final order or judgment in the underlying case is also appealed, the party appealing the attorney fee order or judgment shall file a motion to consolidate the two appeals.

In this case, the order denying Willow Creek's motion for new trial and JNOV, the order entering judgment on the jury verdict, and the order setting attorney fees and assessing costs were all filed at approximately the same timeon January 28, 2013.  Willow Creek's notice of appeal references both the order regarding the verdict and the order regarding attorney fees.  As a result, we find rule 6.103(2) does not apply to the unique scenario presented in this case, and we address Willow Creek's attorney fee claim.

We review a claim regarding the district court's award of attorney fees for an abuse of discretion.  *Equity Control Assocs., Ltd. v. Root*, 638 N.W.2d 664, 674 (Iowa 2001).  A court abuses its discretion when the grounds or reasons for

the court's decision are "clearly untenable" or when the court has exercised its discretion to an extent that is "clearly unreasonable." *Id.* (citation omitted).

> The district court is an expert on the issue of reasonable attorney fees. *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990). As such an expert, the district court had the benefit of observing the trial and the post-trial proceedings. The court was therefore "in an ideal position to judge the necessity of time and effort spent by counsel and the rationality of the relationship between the services rendered" and the causes of action and other matters involved in this case. *Lynch v. City of Des Moines*, 464 N.W.2d 236, 240 (Iowa 1990).

*Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 24 (Iowa 2001).

We have reviewed Gannon's itemization of attorney fees, which total $43,524.59. In the court's order on Gannon's motion to set attorney fees and assess as costs, the court granted Gannon's motion and found the attorney fees to be reasonable as provided by law. We find the district court did not abuse its discretion and affirm the grant of attorney fees.

### D. Appellate Attorney Fees

Gannon requests appellate attorney fees totaling $19,656.00. Gannon bases his request on the provision in the 2004 written farmland lease that states: "[I]f either party files suit to enforce any of the terms of this Lease, the prevailing party shall be entitled to recover court costs and reasonable attorneys' fees." Iowa Code section 625.22 states, "[W]hen judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, the court shall allow and tax as a part of the costs a reasonable attorney's fee to be determined by the court." Iowa Code § 625.22 (2013); *see Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 111 (Iowa 2011) (relying on section 625.22 to award appellate

attorney fees). In its order concerning the award of attorney fees, the district court reserved Gannon's right to "supplement this claim by further application supported by affidavit" and reserved the right to schedule a hearing upon any additional claims for fees. *Bankers Trust Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982) (remanding matter governed by section 625.22 to the district court for the determination of appellate attorney fees). Therefore, we remand this case to the district court for the limited purpose of an evidentiary hearing on, and the fixing of, appellate attorney fees.

**AFFIRMED AND REMANDED.**