# IN THE COURT OF APPEALS OF IOWA

No. 15-0852
Filed March 23, 2016


**DENNIS L. SMITH,**
  Plaintiff-Appellee,

**vs.**

**IOWA STATE UNIVERSITY OF SCIENCE AND
TECHNOLOGY, STATE OF IOWA,**
  Defendants-Appellants.
_____

  Appeal from the Iowa District Court for Story County, Kurt J. Stoebe, Judge.


  Iowa State University and the State of Iowa appeal the district court's assessment of attorney fees rising out of a former employee's claims for intentional infliction of emotional distress and violations of the whistleblowing statute. **REVERSED AND REMANDED.**


  Thomas J. Miller, Attorney General, and Diane M. Stahle, Assistant Attorney General, for appellants.

  William W. Graham and Aimee R. Campbell of Graham, Ervanian & Cacciatore, L.L.P., Des Moines, for appellee.


  Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Iowa State University and the State of Iowa (the State) appeal the district court's assessment of attorney fees rising out of Dennis Smith's claims for intentional infliction of emotional distress and violations of the whistleblowing statute.[1] The State asserts the district court abused its discretion in awarding all of Smith's attorney fees in light of the fact the attorney-fee claim included work on matters for which there is no fee-shifting statute and included work on matters on which Smith was not successful. The State asks that we reduce the fee award accordingly.

The facts of the underlying case are thoroughly conveyed in the supreme court's opinion *Smith v. Iowa State University of Science & Technology*, 851 N.W.2d 1, 4-18 (Iowa 2014), and we need not repeat them here. The supreme court upheld the jury's award to Smith for damages for intentional infliction of emotional distress in the amount of $500,000.00, but it reduced the district court's award of damages for violations of the whistleblowing statute from an

---

[1] The whistleblowing statute is contained in Iowa Code section 70A.28(2) (2007), which provides, in part:

> A person shall not discharge an employee from or take or fail to take action regarding an employee's appointment or proposed appointment to, promotion or proposed promotion to, or any advantage in, a position in a state employment system administered by, or subject to approval of, a state agency as a reprisal for a failure by that employee to inform the person that the employee made a disclosure of information permitted by this section, or for a disclosure of any information by that employee to a member or employee of the general assembly, a disclosure of information to the office of citizens' aide, or a disclosure of information to any other public official or law enforcement agency if the employee reasonably believes the information evidences a violation of law or rule, mismanagement, a gross abuse of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

initial award of $784,027.40 to $150,000.00. *Smith*, 851 N.W.2d at 38.[2] The total damage award was reduced on appeal from $1,284,027.40 to $650,000.00. *Id.* at 4.

Following the supreme court's decision, the case returned to the district court, which had previously deferred ruling on Smith's attorney fee request until after the appeal was final. The case was then ripe for a determination of the amount of attorney fees owed to Smith pursuant to the whistleblowing statute. *See* Iowa Code § 70A.28(5)(a) ("A person who violates subsection 2 is liable to an aggrieved employee for affirmative relief including reinstatement, with or without back pay, or any other equitable relief the court deems appropriate, *including attorney fees and costs*." (emphasis added)). The district court awarded a total of $368,607.35 for attorney fees and costs—the total amount requested by Smith minus $3861.86 for costs related to expert witness fees and deposition costs that were not recoverable. *See id.* § 622.72 (limiting expert witness fees to $150 per day); Iowa R. Civ. P. 1.716 (permitting the recovery of deposition costs for "only such portion . . . as were necessarily incurred for testimony offered and admitted upon the trial"). With respect to the attorney fees, the district court determined:

> [A]ll of the plaintiff's claims, successful and unsuccessful, involved a common body of facts. The defendants' improper actions by which ISU was found liable for [intentional infliction of emotional distress] and Whistleblower violations were intentional. Thus, the work the plaintiff's attorneys exerted in furtherance of each of those claims was inseparable.

---

[2] The figures used by the supreme court for the amount of reputation damages under the whistleblowing statute were inconsistent. *Smith*, 851 N.W.2d at 33–34, 38. The parties both agree in this appeal the supreme court affirmed an award of $150,000.00 for reputation damages; thus, that is the figure we will use.

It would be impractical to require the Court to sift through all of the legal work to determine whether each hour was related to a particular claim. "Rather, [t]he District Court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case."

The fees incurred in pursuit of the appeal and during preparation of the application for attorney fees are also related to the case in chief and are recoverable.

ISU has also advanced a theory that the Court should adopt a percentage of attorney fee recovery commensurate with the percentage of recovery. This demonstrates the impossibility of accurately allocating the evidentiary value of the work. The Court is not persuaded that a percentage award is fair or reasonable.

ISU has also argued that the award of fees should not exceed the amount recovered. This argument is also not reasonable. The facts necessary to prove the whistleblower claim were voluminous, complex, and labor-intensive. There were innumerable electronic communications by and between the defendants. The defendants were not forthcoming in establishing liability or the facts of the case. This is demonstrated by ISU's steadfast refusal to assume the liability for Pamela Reinig until the close of the evidence. The Court finds that the requested attorney fees, subject to the following redactions, is reasonable.

(Citations omitted.)

On appeal, the State asserts $22,485.00 of the requested attorney fees was for (1) time spent on an appeal brief solely related to the intentional-infliction-of-emotional-distress claim, (2) time spent working on a separate lawsuit and various claims that were voluntarily dismissed by Smith or dismissed by the court,[3] (3) time spent working on other actions that were never filed, and (4) time spent talking to the media about the case. The State also asserts there is undoubtedly other time spent working solely on the intentional-infliction-of-

---

[3] The State notes Smith's claim against the Board of Regents for breach of contract was dismissed by the court. Claims for conspiracy and defamation were voluntarily dismissed immediately before the case was submitted to the jury. In addition, the district court refused to allow Smith to add claims of retaliatory discharge immediately before trial.

emotional-distress claim that cannot be identified due to poor recordkeeping. It asks that the fee award be reduced to account for this improper "block billing."

In addition to requesting a reduction based on work that was not performed on the whistleblowing claims, the State also asserts the attorney-fee award should be reduced to account for Smith's lack of success on the whistleblowing claim itself. The State asserts Smith spent a significant amount of time pursuing claims and parties that were either voluntarily dismissed or dismissed by the court that were connected to the whistleblowing claim. According to the State, approximately $29,705.00 was spent litigating whether claims should be pursued against individuals, and these claims were later voluntarily dismissed. In addition, $6655.50 was spent on a request for rehearing before the supreme court that was denied,[4] $10,700.00 was spent on filing appellate briefs that were not compliant with the appellate rules, and $6783.00 was spent preparing attorney fee affidavits that were improperly redacted. Finally, the State claims the attorney-fee award should have been reduced because ultimately the damages awarded for the whistleblowing claim were substantially less than the attorney fees requested, pointing to Smith's limited success on appeal as justification for reducing the appellate fees requested.[5]

Smith defends the district court's attorney fee award asserting the work performed on the whistleblowing claim, the intentional-infliction-of-emotional-

---

[4] Smith claims this amount was voluntarily omitted from his request for attorney fees and was not included in the attorney fee award.

[5] Smith was initially awarded $784,027.40 for the whistleblowing claim, but that award was reduced to $150,000.00 as a result of the supreme court's decision. *Smith*, 851 N.W.2d at 38. The State asserts it is an abuse of discretion for the district court to award $368,607.35 in attorney fees that resulted in a damage award of $150,000.00.

distress claim, and all other claims were interrelated, co-extensive, reasonable, and appropriate when the action is viewed as a whole. Smith also notes much of the work litigating this case was the result of the State taking extremely aggressive postures, restricting access to relevant documentation, which necessitated constant battles over discoverable information. Considering the district court's unique position, having observed the litigation in this case, Smith asserts there was no abuse of discretion in awarding him the entire attorney-fee claim. Smith also makes a request for attorney fees in defending this appeal.

"As a general rule, unless authorized by statute or contract, an award of attorney fees is not allowed." *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 469 (Iowa 2010). In this case, the whistleblowing statute alone provides the support for the award of attorney fees to the prevailing party. *See* Iowa Code § 70A.28(5)(a). We review the amount of attorney fees awarded by the district court for abuse of discretion. *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009). We will reverse the decision "only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *Id.* (citation omitted). "We recognize there is no precise methodology the district court must employ to calculate an appropriate award of attorney fees. However, whatever methodology the court employs, it must provide in its order 'a concise but clear explanation of its reasons for the award.'" *Lee v. State*, ___ N.W.2d ___, ___, 2016 WL 555686, at *16 (Iowa 2016) (citation omitted).

> Appropriate factors to consider in allowing attorney fees include the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the

> customary charges for similar service. The district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case.

*Lynch v. City of Des Moines*, 464 N.W.2d 236, 238 (Iowa 1990) (quoting *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990)).

While a plaintiff may not recover attorney fees for pursuing claims that were ultimately unsuccessful, attorney fees may be awarded for such work if the unsuccessful claim involved "a common core of facts" or was "based on related legal theories" to the successful claim. *Lee*, 2016 WL 555686, at *15 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Where the claims involve interrelated facts and legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. In such a case, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Two questions should be addressed: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* at 434.

Here, the district court focused on the "common body of facts" that connected the whistleblowing claim with the intentional-infliction-of-emotional-distress claim in order to justify awarding the entire attorney fee claim. *See id.* at 435. However, the court failed to take into consideration that a large part of Smith's whistleblowing claim—the only claim that permitted the recovery of

attorney fees—was set aside by the supreme court in light of the lack of proof on the issue of causation. *See Smith*, 851 N.W.2d at 38 ("[W]e cannot find that Smith's loss of his job in 2010 was causally linked to his discussion with President Geoffroy's executive assistant in 2007 regarding Reinig's billing practices. For this reason, we set aside the district court's award of damages under section 70A.28(2) relating to this event."). As a result of the supreme court's decision, the damage award for the whistleblowing claim was reduced from $784,027.40 to $150,000.00, and Smith was able to recover the $150,000.00 award on the whistleblowing claim only because the State failed to preserve error on the causation argument against the reputation damages. *Id.*

In addition, the main portion of Smith's recovery—$500,000.00 of the total $650,000.00 awarded—was based on the emotional distress claim, which is a tort claim that does not permit the recovery of attorney fees. *See Bethards v. Shivvers, Inc.*, 355 N.W.2d 39, 48 (Iowa 1984) (concluding the trial court was without authority to award attorney fees in a case involving a claim for trespass and intentional infliction of emotional distress). A court must take into consideration a plaintiff's successes and failures when making an award of attorney fees, and the award *must* be reduced by the amount that will ensure the award does not include fees and costs for claims that were ultimately unsuccessful or for claims that do not permit the recovery of attorney fees. *See Lee*, 2016 WL 555686, at *16 (noting the fee award must be reduced by an amount to ensure attorney fees and costs are not awarded for a claim under which the plaintiff was not entitled relief).

Because the district court's decision did not consider these issues, failing to reduce the award accordingly, we determine the district court abused its discretion and the decision must be reversed and remanded. On remand, the court should direct Smith's counsel to submit an attorney fee affidavit that better details the amount of time spent on each task, rather than using block billing that specifies only daily activities but does not indicate how much time was spent on each task. *See Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *see also Dorr v. Weber*, 741 F. Supp. 2d 1022, 1036 (N.D. Iowa 2010) (reducing the fee award by ten percent for block billing by the attorney).

Smith's request for appellate attorney fees is denied.

**REVERSED AND REMANDED.**

Bower, J., concurs; Doyle, J., dissents.

**DOYLE, Judge** (dissenting)

I respectfully dissent. Finding that the district court failed to take into consideration that a large part of Smith's whistle-blowing damage claim was set aside, and that the main portion of Smith's remaining recovery was based on the intentional-infliction-of-emotional-distress claim—a claim that does not permit the recovery of attorney fees, the majority concludes the district court abused its discretion in failing to reduce the attorney fee award accordingly. I would affirm the district court's award of attorney fees.

Smith was successful on his whistleblower claim, albeit the supreme court reduced the damage award by the amount of damages related to Smith's job loss. The majority holds Smith's attorney fee award should be likewise reduced; that the amount of fees should be reduced by the amount incurred in pursuing the loss of employment damages. Even if it was possible to calculate such an amount, I disagree. First, fees may be allowed for time spent on unsuccessful claims involving a common body of facts related to a successful claim. *See Lynch v. City of Des Moines*, 464 N.W.2d 236, 239 (Iowa 1990). As the district court recognized, "all of [Smith's] claims, successful and unsuccessful, involved a common body of facts." Second, section 70A.28 does not require proportioning the fees on the basis of the size of the award. The statute provides that a violator "is liable to an aggrieved employee for affirmative relief . . . including attorney fees and costs." Iowa Code § 70A.28(5)(a). Third, to adopt the majority's position would undercut the public interest advanced by the whistleblower statute. The public policy of this state entitles a successful whistleblower litigant with the right to recover attorney fees. In civil rights

litigation, "The reason a successful civil rights litigant is entitled to attorney fees 'is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts.'" *Lynch*, 464 N.W.2d at 239 (quoting *Ayala v. Ctr. Line, Inc.*, 415 N.W.2d 603, 605 (Iowa 1987)). Indeed, it would be ironic "if a victim of discrimination is provided rights under chapter [216] but could not enforce them because the victim's attorney could not be adequately compensated." *Id.* I believe the same rationale applies here. In my opinion, tying an attorney fee award to the amount of recovery could result in inadequate fees in many cases and would effectively slam the courthouse door shut to many employees with whistleblower claims.

Citing to *Lee v. State*, ___ N.W.2d ___, ___, 2016 WL 555686, at *16 (Iowa 2016), the majority holds that "the award *must* be reduced by the amount that will ensure the award does not include fees or costs . . . for claims that do not permit the recovery of attorney fees," noting the tort of intentional infliction of emotional distress does not permit the recovery of attorney fees. I respectfully suggest the majority has applied the *Lee* holding much too broadly.

Lee successfully obtained a judgment against her employer in a Family Medical Leave Act (FMLA) case and was awarded attorney fees and costs. *Lee*, ___ N.W.2d at ___, 2016 WL 555686, at *1. The district court awarded Lee attorney fees she incurred in seeking both retroactive and prospective relief.[6] *Id.* at ___, at *14. Because state sovereign immunity barred the district court from awarding Lee attorney fees and costs she incurred in seeking retroactive

---

[6] The documentation Lee submitted to the district court revealed a portion of the attorney fees the court awarded was specific to her claims for retroactive monetary relief. *Lee,* ___ N.W.2d at ___, 2016 WL 555686, at *14.

monetary relief, the supreme court reversed the district court order awarding attorney fees and costs and remanded for the district court to award Lee reasonable attorney fees and costs she incurred in seeking prospective relief. *Id.* at ___, at *15. In this regard, the court stated:

> In determining an appropriate fee award in this case, the district court should consider the general principles governing attorney fee awards in actions in which plaintiffs are only partially successful. Thus, to the extent Lee's unsuccessful claims for retroactive relief were unrelated to her successful claims for prospective relief, the court may not award fees or costs she obviously incurred in pursuing only the unsuccessful claims. But to the extent counsel devoted time "generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis," the court may "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." The court may properly award any fees incurred in the litigation involving "a common core of facts" or "based on related legal theories." Nevertheless, the court ultimately must consider the reasonableness of the hours expended on the litigation as a whole in light of the degree of success actually obtained.

*Id.* (internal citations omitted). The court recognized there is no precise method to determine a reasonable attorney fee award and left that to the discretion of the district court. *Id.* at ___, at *16. The court directed the district court to

> reduce its initial award by the amount it determines is necessary to ensure it does not include fees and costs Lee incurred in proving aspects of her claims for retroactive relief that were wholly unrelated to the common core of facts or legal theories establishing her entitlement to prospective relief.

*Id.*

The majority's reading of *Lee* is overbroad. *Lee* only held that *to the extent* Lee's unsuccessful claims for retroactive relief *were unrelated* to her successful claims for prospective relief, the court could not award fees or costs she obviously incurred in pursuing only the unsuccessful claims. *Id.* at ___, at

*16. The distinction here is that Smith's intentional-infliction-of emotional-distress claim *is related* to his successful whistleblower claim as both claims are anchored to a "common core of facts." As the district court so aptly stated, "the work the plaintiff's attorneys exerted in furtherance of each of those claims was inseparable." So, it matters not that the emotional-distress claim does not permit recovery of attorney fees.

Moreover, the main portion of Smith's damages could just as well have been included within Smith's recovery for the whistleblower violation. In its post-trial findings of fact and conclusions of law concerning Smith's emotional-distress damages, the district court concluded,

> that Smith is entitled to an award of monetary damages by way of restitution and compensation for emotional distress he has suffered as a result of ISU's retaliatory actions in violation of Iowa Code section 70A.28 [(2007)]. The jury found that ISU was liable to Smith for damages for intentional infliction of severe emotional distress in the amount of $500,000. That award presumably incorporates damages from conduct that constituted a violation of the whistleblower statute as well as conduct that did not violate the statute. In order to avoid duplication of damage awards, the court has separately considered the extent of Smith's severe emotional distress that would have resulted from ISU's retaliatory conduct. Thus the total judgment for emotional distress damages, including both the jury award and the court's order in equity, is $500,000.

As the supreme court noted, "The [district] court found that Smith had incurred the same $500,000 in emotional distress damages for the Iowa Code section 70A.28 violation, but declined to make a duplicate award." *Smith v. Iowa State Univ. of Sci.& Tech.*, 851 N.W.2d 1, 33, n.18 (Iowa 2014). As a result, the main portion of Smith's recovery is based on the intentional-infliction-of-emotional-distress claim. Obviously Smith suffered some emotional-distress damages resulting from the whistleblower violation. It would be unfair to reduce his

attorney fee award merely because all of his emotional-distress damages were fortuitously allocated to the intentional-infliction-of-emotional-distress claim.

For all the above reasons, I would affirm the district court's award of attorney fees and costs.