# IN THE COURT OF APPEALS OF IOWA

No. 22-0856
Filed October 11, 2023

**TIDY SITE SERVICES, LLC, and EROSIONTEK, LLC,**
Plaintiffs-Appellees,

**vs.**

**DENNIS SKOU,**
Defendant-Appellant,

**TIDY SITE SERVICES II, LLC, and EROSIONTEK II, LLC,**
Intervenors-Appellants.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


Dennis Skou, Tidy Site Services II, LLC, and Erosiontek II, LLC appeal the judgment entered against them for breach of contract. **APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**


David J. Hellstern of Sullivan & Ward, P.C., West Des Moines, for appellants.

Philip S. Bubb, Brandon R. Underwood, and Sarah B. Golwitzer of Fredrikson & Byron, P.A., Des Moines, for appellees.


Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Dennis Skou, Tidy Site Services II, LLC, and Erosiontek II, LLC (the appellants) appeal from the district court order entering judgment on various claims arising from a contract dispute. They also appeal an award of attorney fees. Because the appellants failed to timely appeal the order of judgment and the district court did not abuse its discretion in awarding attorney fees, we dismiss the appeal in part and affirm the attorney fees award.

## I.    *Background Facts and Proceedings.*

In January 2017, the owner of two single-member limited liability companies, Tidy Site Services, LLC and Erosiontek, LLC, sold business assets to Dennis Skou. Skou created two companies made for the purpose of the transaction, Tidy Site Services II, LLC and Erosiontek II, LLC. Skou is the sole member of both companies.

Before closing, the parties signed an Asset Purchase Agreement. The agreement set the purchase price at $2,000,000: $20,000 paid as earnest money, $1,680,000 financed by CICB Bank USA, and the remaining $300,000 financed by the seller. While Tidy Site Services II and Erosiontek II were parties to the purchase agreement and Skou was not, Skou personally guaranteed the promissory note. The parties signed an additional subordination agreement, which prioritized the CICB loan over the promissory note.

After finalizing the purchase, the businesses did not produce the expected revenue. CICB notified Tidy Site Services II, Erosiontek II, and Skou that they were in default on its loan. Pursuant to the subordination agreement, the appellants similarly defaulted on the promissory note. As a result, Tidy Site

Services and Erosiontek (the appellees) sued Skou for breach of contract because of nonpayment. Tidy Site Services II and Erosiontek II intervened and counterclaimed, alleging breach of contract for fraudulent misrepresentations made during the transaction and other related contract claims.

The parties went to trial in October 2021. A ruling was issued December 21. The court's order awarded the appellees substantial damages on their breach-of-contract claim. It awarded the appellants lesser damages for breach of contract regarding the transaction misrepresentations and found they failed to prove their remaining counterclaims.

On March 25, 2022, the district court considered attorney fees. It directed the parties to provide itemized expenses for their respective successful claims. At that time, the court did not fully determine who should be awarded fees. The appellants objected, claiming attorney fees should not be awarded to the appellees. On April 20, the district court awarded the appellees nearly $200,000 in attorney fees. Broken down, Skou is responsible for $11,945.67 in direct fees and $43,520.55 in pre-judgment interest. Tidy Site Services II and Erosiontek II are jointly responsible for $138,361.23.

The appellants filed a notice of appeal on May 17. In it, they alleged (1) the district court erred when if found the appellants breached the contract; (2) the damages awarded for the appellants' breach-of-contract claim was inadequate; (3) the district court should have found in favor of the appellants on their counterclaims and awarded damages; and (4) the attorney fee award was improper. The appellees moved to dismiss the appeal for want of prosecution and

failure to meet deadlines. The appellants resisted, claiming the delay resulted from issues obtaining the trial transcript. The Iowa Supreme Court denied the motion.

## II.     *Timeliness of Appeal.*

The appellees contend we do not have jurisdiction to resolve the claims related to the court's judgment because their appeal was untimely. *See McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015) ("When an appeal is not filed within the limitations period, we do not have subject matter jurisdiction over the appeal."). Iowa Rule of Appellate Procedure 6.101(1)(b) requires a party to file notice of appeal within thirty days of the final ruling. The appellants did not file their notice of appeal within thirty days of the court entering judgment on the merits of the parties' claims.

In response, the appellants cite an exception, which allows rulings on severable issues to extend the deadline. Iowa R. App. P. 6.101(1)(d) ("A final order . . . disposing of some, but not all, of the issues in an action may be appealed within the time for appealing from the judgment that finally disposes of all remaining . . . issues to an action, even if . . . the issues are severable."). "When a ruling specifically provides for subsequent entry of a final order, the ruling itself is not a final judgment or decision." *In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979). Specifically, the appellants claim the December ruling on the merits tolled the deadline. Rather, the April order on attorney fees was the final ruling because it determined the interest accrued on the judgment. Therefore, they argue, the deadline to appeal followed the April decision. Because their appeal was filed within thirty days of the April ruling, they argue their appeal is timely.

However, the appellants' argument neglects to differentiate severable issues from those that are separate and collateral to the ruling. Final decisions of "collateral and independent claims" within the same suit do not extend previous rulings on the merits. *Bd. of Water Works Trs. v. City of Des Moines*, 469 N.W.2d 700, 702 (Iowa 1991). Generally, awards for attorney fees are distinct from the merits of the case and therefore separately appealable. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988); *see also* Iowa R. App. P. 6.103(2). Without some dependent claim, the ruling on the merits is not extended. If the December ruling was appealable at its filing, then the appellants had thirty days within which to appeal or their appeal was untimely. *See Budinich*, 486 U.S. at 198. The appellants had until January 19, 2022 to timely appeal the judgement order. Instead, they filed their appeal on May 17, 2022. Because the appeal was clearly untimely, we lack jurisdiction to consider the appellants' claims regarding the merits of the judgment.

### III.     Award of Trial Attorney Fees.

The only remaining issue we have appellate jurisdiction over is the award of attorneys' fees. The appellants contend the appellees are not entitled to attorney fees. They claim that instead, they should be awarded attorney fees for having to defend the suit. They also allege that the district court abused its discretion by misinterpreting a contract term and the appellees' inequitable conduct prevents recovery. Finally, the appellants argue they should be awarded appellate attorney fees.

We review awards of attorney fees for an abuse of discretion. *Lynch v. City of Des Moines*, 464 N.W.2d 236, 238 (Iowa 1990). The district court has "broad,

but not unlimited, discretion." *Baumhoefener Nursery, Inc. v. A & D P'ship, II*, 618 N.W.2d 363, 368 (Iowa 2000). We will affirm the award unless the district court's "discretion was exercised on grounds . . . clearly untenable or[ ] to an extent clearly unreasonable." *Lynch*, 464 N.W.2d at 238 (citation omitted). The appellants make four separate attorney-fees arguments, and we consider each in turn.

"We have repeatedly stated that, as a general rule in Iowa, the court cannot award attorney fees in the absence of a statute or contract authorizing an award of attorney fees." *Iowa Beta Chapter of Phi Delta Theta Fraternity v. State*, 763 N.W.2d 250, 268–69 (Iowa 2009). The Iowa Code allows an award "[w]hen judgment is recovered upon a written contract containing an agreement to pay an attorney fee." Iowa Code § 625.22 (2021). The Asset Purchase Agreement signed by the parties allows recovery of legal fees for the "prevailing party." It further defines the "prevailing party" as one who wins fifty percent or more of the damages sought for the "original claim."

The appellants first contend the district court abused its discretion in misinterpreting the contract when it awarded attorney fees. Specifically, the appellants take issue with the district court's interpretation of the "original claim" as the demand letter sent by the appellees. Because the appellants do not cite any authority to support their assertions, we deem this argument waived on appeal. *See* Iowa R. App. P. 6.903(2)(g)(3).

The appellants then argue attorney fees were improperly awarded to the appellees and not to the appellants for having defended against their claims. They similarly claim the appellees' inequitable conduct prevents recovery of attorney fees. But the only inequitable conduct they assert is the appellees' alleged breach

of contract. These arguments necessarily hinge upon the merits of the case. Because we affirm the breach-of-contract case for lack of appellate jurisdiction, we lack any basis to revise the attorney-fee award.

### IV.    Appellate Attorney Fees.

Finally, the appellants request appellate attorney fees. While we have the *authority* to award appellate attorney fees based on the Asset Purchase Agreement, we decline to do so because the appellants were not successful on their claims. *See* Iowa Code § 625.22; *see also Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23–24 (Iowa 2001).

### V.    Conclusion.

Based on the untimeliness of their appeal, we lack jurisdiction to consider the bulk of appellants' claims. Regarding the remaining claim for attorney fees, the district court did not abuse its discretion. We therefore affirm.

**APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**