# IN THE COURT OF APPEALS OF IOWA

No. 15-0049
Filed February 24, 2016

**BLAKE REA,**
    Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR LEE (NORTH) COUNTY,**
    Defendant-Appellee.
_____

    Certiorari to the Iowa District Court for Lee (North) County, Cynthia H.

Danielson, Judge.


    A father claims the district court was without authority to impose an award

for attorney fees in an underlying contempt action. **WRIT SUSTAINED.**



    Gregory A. Johnson of Johnson & Skewes, Fort Madison, for appellant.

    Robert N. Johnson III of Robert N. Johnson III Attorney at Law, Fort

Madison, for appellee.



    Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Blake Rea and Dianna Haworth are the unmarried parents of a minor child. Pursuant to Iowa Code chapter 252C (2013), the Child Support Recovery Unit (CSRU) sought a support order obligating Rea to pay a monthly support amount to Haworth for the child. This support order was approved by the court and subsequently modified under Iowa Code chapter 252H to $695.00 per month. When Rea failed to make two monthly payments, Haworth filed an application for an order for rule to show cause, requiring Rea to appear before the court and show cause as to why he should not be held in contempt. She also requested Rea be ordered to pay her attorney fees. After a hearing, the court found Rea to be in contempt and sentenced him to thirty days in jail for each of the two acts of contempt. Mittimus was withheld pending Rea's compliance with certain terms, including payment of the support obligation. In addition, the court entered judgment against Rea, and in favor of Haworth, for Haworth's accrued attorney fees of $1150.50.

Rea filed a petition for writ of certiorari, claiming the district court was without the authority to order him to pay Haworth's attorney fees. The supreme court granted the petition, stayed the enforcement of the portion of the contempt order imposing attorney fees, and transferred the case to this court.

> Our standard of review in certiorari actions is well-established. We may only examine "the jurisdiction of the district court and the legality of its actions." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998). An illegality exists "[w]hen the court's findings of fact are not supported by substantial evidence, or when the court has not applied the law properly." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007).

*Farrell v. Iowa Dist. Ct.*, 747 N.W.2d 789, 790 (Iowa Ct. App. 2008) (alteration in original). Rea does not challenge the court's authority to find him in contempt for failing to comply with the new child support order entered pursuant to Iowa Code chapter 252H; however, he does challenge the court's authority to order him to pay Haworth's attorney fees.

Iowa Code chapter 252H provides the applicable rules when the CSRU seeks to modify a child support order. *See* Iowa Code § 252H.1. When an order under this chapter is filed with the court, "the approved order shall have the same force, effect, and attributes of an order of the district court." *Id.* § 252H.9(5). As with any court order, failure to comply can result in a finding of contempt. *Id.* § 665.2(3) ("The following acts or omissions are contempts, and are punishable as such by any of the courts of this state . . . . 3. Illegal resistance to any order or process made or issued by it."). The punishment for contempt is provided in section 665.4: "The punishment for contempt, where not otherwise specifically provided, shall be: . . . 2. Before district judges . . . by a fine not exceeding five hundred dollars or imprisonment in a county jail not exceeding six months or by both such fine and imprisonment." There is no specific provision for the payment of attorney fees in chapter 665.

Haworth's counsel on appeal asserts the language "where not otherwise specifically provided" in section 665.4 gives the court the authority to award attorney fees because such fees are specifically allowed for contempt orders under section 598.24. This section provides:

> When an action for a modification, order to show cause, or contempt of a dissolution, annulment, or separate maintenance decree is brought on the grounds that a party to the decree is in

default or contempt of the decree, and the court determines that the party is in default or contempt of the decree, the costs of the proceeding, including reasonable attorney's fees, may be taxed against that party.

Iowa Code § 598.24.

Section 598.24 specifically provides that attorney fees and costs may only be awarded, pursuant to this section, in actions for modification, order to show cause or contempt of a dissolution decree, annulment decree, or separate maintenance decree. While this is a contempt action, it was not based on a dissolution decree, annulment decree, or separate maintenance decree; instead, the contempt order was based on a support order under chapter 252H. Iowa Code section 598.23A does provide for a finding of contempt for failure to pay support pursuant to "any other support chapter," but this section does not provide for the payment of attorney fees:

> If a person against whom an order or decree for support has been entered pursuant to this chapter or chapter 234, 252A, 252C, 252F, 600B, or *any other support chapter*, or a comparable chapter of another state or foreign country as defined in chapter 252K, fails to make payments or provide medical support pursuant to that order or decree, the person may be cited and punished by the court for contempt under section 598.23 or this section.

Iowa Code § 598.23A(1) (emphasis added). As stated above, section 598.23A also permits a finding of contempt under section 598.23, but like section 598.23A, section 598.23 also does not provide for the award of attorney fees if a party is found in contempt. *See id.* § 598.23.

An award for attorney fees is only permitted if a contract or statute specifically provides for the award. *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010). "In order [for fees to be] taxed the case must come clearly

within the terms of the statute or agreement." *Id.* (alternation in original) (citation omitted). Because section 598.24 only permits the award of attorney fees in cases involving dissolution, annulment, or separate maintenance decrees and because no other statutory provision specifically provides for the award of attorney fees in this case, we conclude the district court did not have the authority to order Rea to pay Haworth's attorney fees. We therefore sustain the writ.

**WRIT SUSTAINED.**