# IN THE COURT OF APPEALS OF IOWA

No. 20-0817
Filed June 16, 2021

**JOSEPH GOCHE,**
 Plaintiff-Appellant/Cross-Appellee,

**vs.**

**WMG, L.C., an IOWA LIMITED LIABILITY CO.,**
 Defendant-Appellee/Cross-Appellant.
_____

 Appeal from the Iowa District Court for Kossuth County, David A. Lester, Judge.

 Joseph Goche appeals, and WMG cross-appeals, an order awarding attorney fees and denying a "fees-on-fees" claim. **REVERSED AND REMANDED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

 Philip J. Kaplan of Anthony Ostlund Baer & Louwagie P.A., Minneapolis, Minnesota, and Joseph G. Gamble and Wesley T. Graham of Duncan Green, P.C., Des Moines for appellant/cross-appellee.

 Thomas W. Lipps of Peterson & Lipps, Algona, for appellee/cross-appellant.

 Heard by Doyle, P.J. and Mullins and May JJ. Gamble, S.J., takes no part.

**MULLINS, Judge.**

Joseph Goche appeals a district court order awarding limited attorney fees and denying a "fees-on-fees" claim following a series of lawsuits filed against him by WMG, L.C. and its members. WMG cross-appeals, arguing the district court erred in awarding any fees or, alternatively, that if fees were appropriate, they were miscalculated.

## I.    Background Facts and Proceedings

WMG is an Iowa limited liability company whose members are Joseph Goche and his siblings Michael Goche, Jeanne Goche-Horihan, and Renee Afshar. Joseph served as a manager of WMG from 2010 to 2017. When litigation began, Michael and Jeanne also served as managers. Joseph was removed from his position as a manager during a special meeting in February 2017, leaving Michael and Jeanne as the only managers.

In 2014, Renee filed suit against WMG, Joseph, and the other members of WMG in federal court. The federal court lacked subject-matter jurisdiction and dismissed the suit. Renee refiled in 2015 in the Iowa District Court for Kossuth County, and Jeanne raised cross-claims against Joseph that same year. The 2015 suit, case ending 6869, alleged Joseph breached fiduciary duties owed to WMG, and Renee requested the appointment of a receiver. In February 2016, NCJC, Inc., an Iowa corporation owned solely by Joseph, was allowed to intervene to assert its rights as a tenant on land owned by WMG. NCJC requested reimbursement for improvements made to the land and a right of first refusal for purchase if the land should be sold upon the dissolution of the company. In June 2016, Renee and Jeanne voluntarily dismissed their claims against Joseph,

leaving only the WMG claims against Joseph in dispute. The next month, the district court determined Joseph was entitled to indemnification for his litigation expenses resulting from Renee and Jeanne's claims. On December 29, 2016, the district court calculated the value of indemnification as $51,455.27.

In September 2016, Joseph filed an amended answer and cross-claim "asserting his right to indemnification to conform the pleadings to the issues in litigation." In October 2016, WMG counterclaimed in case ending 6869, alleging Joseph breached his fiduciary duties.[1] In early 2017, WMG removed Joseph as a manager and terminated the land lease held by NCJC after distributing the leased land to WMG members. In March 2017, NCJC filed a breach-of-contract claim, case ending 7055, against WMG. Less than one week later, NCJC dismissed its claim.[2]

In April 2017, Joseph filed case ending 7056 requesting further indemnification. He requested,

> (1) indemnification in federal litigation brought by Renee and Jeanne alleging he had breached his fiduciary duties to WMG, (2) unpaid indemnification awarded in [the district] court's December 29, 2016 ruling, (3) indemnification for litigation expenses related to WMG's claim that Joseph breached his fiduciary duties to WMG, and (4) breach of warranty deed WMG executed to Joseph.

---

[1] By a majority vote, the managers of WMG agreed to appointment of a receiver. The receiver brought the counterclaim on behalf of WMG. WMG appointed attorneys Michael J. Streit and Jason M. Craig to serve as receivers in 2016. Larry Eide was appointed in June 2017 to replace the prior receivers. Mr. Eide has continued in this role since his appointment.

[2] This court decided attorney-fee claims following litigation of NCJC's breach-of-contract claim and WMG's counterclaim. *See NCJC, Inc. v. WMG, L.C.*, No. 19-0241, 2020 WL 2478670, at *1 (Iowa Ct. App. May 13, 2020).

A receiver was appointed to manage WMG in June 2017. The receiver moved for consolidation of cases ending 7055 and 7056 with the receivership ending 6869 and dismissed the cross-claim for indemnity in October. The motion for consolidation was granted only in part, consolidating cases ending 7055 and 7056 "for the limited purpose of discovery only." On October 19, 2017, the receiver filed a motion to strike the December 29, 2016 court order awarding Joseph indemnification. The district court refused to strike this order[3] and granted summary judgment to Joseph on WMG's claim for breach of fiduciary duties of a manager. In November 2017, Joseph filed a motion for partial summary judgment on his claims for breach of fiduciary duties by a manager and breach of warranty deed, case ending 7056.

In February 2018, the district court ruled on the motion for summary judgment in case ending 7056. The court granted the summary judgment, finding WMG was "liable to Joseph for indemnification of attorney fees and expenses he incurred to defend himself against the claims brought against him by WMG for alleged breach of his duties as a manager of WMG." The district court indicated the amount of indemnification should be determined through a bench trial. It also found WMG was liable for breach of warranty deed and that Joseph would be entitled to attorney fees and expenses on that claim following trial to determine the amount of the fees and expenses.[4] The warranty deed claim was resolved by a Decree Reforming Deed and was dismissed.

---

[3] The fees calculated in the December 29, 2016 order have been paid.
[4] This court decided an appeal on Joseph's argument that the warranty deed he received as a part of the property distribution contained fatal inaccuracies. *Goche v. WMG, L.C.*, 18-0793, 2019 WL 1057105, at *1 (Iowa Ct. App. Mar. 6, 2019).

The bench trial was held in January 2020 on the remaining indemnification claim. The district court explained that Joseph requested a total of $141,451.48.

> Of that total, Joseph is seeking an award of $95,231.10 for his indemnification claim incurred in defending claims made against him by WMG in Kossuth County Case [ending 6869], with the remaining $46,238.38 being described by Joseph as "fees on fees" claim for money he spent in the present action prosecuting his indemnification claim from the prior action.

The district court confirmed that Joseph was entitled to indemnification and proceeded to its calculation. It awarded Joseph $68,831.10 for the fees and expenses stemming from his defense in case ending 6869.[5] The district court noted that it "reduced the hourly rate of Mr. Baer from $560 per hour to $300 per hour, which [it] finds is a more customary rate for an attorney with his years of practice." It also found the hourly rates of Mr. Kaplan and Mr. Graham were reasonable and "reduced the hourly rate for Attorney Kaplan and Baer's paralegal to the more customary local rate of $100 per hour." The court declined to make any award for Joseph's fees-on-fees claim and found no authority existed to support the award.

WMG moved for reconsideration pursuant to Iowa Rule of Civil Procedure 1.904(2). WMG asked the district court, among other things, to further reduce the hourly rates of Joseph's attorneys to the reduced rates calculated in the December 29, 2016 order awarding Joseph indemnification fees and expenses. The motion was overruled. Joseph appeals and WMG cross-appeals.

---

[5] The $68,831.10 is in addition to the $51,455.27 WMG had already paid.

## II.    Standard of Review

Arguments that target findings from a district court's ruling on a motion for partial summary judgment are reviewed for correction of errors at law. *Slaughter v. Des Moines Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Id.* (quoting *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018)). Arguments targeting findings following a bench trial are also reviewed for correction of errors at law. *Metro. Prop. & Cas. Ins. Co. v. Auto-Owners Mut. Ins. Co.*, 924 N.W.2d 833, 839 (Iowa 2019). Factual findings of the district court are binding only if supported by substantial evidence. *Id.* "The court reviews issues involving the interpretation of statues for correction of errors at law." *Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 182 (Iowa 2010).

This case involves claims for recovery of attorney fees, which are generally not recoverable without a statute or agreement entitling a party to recovery. *Id.* at 183. A statute may make an award of attorney fees mandatory and divest the court of any discretion to decide whether a successful party is entitled to them. *Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 22 (Iowa 2001). In that situation, "the amount awarded is 'vested in the district court's broad, but not unlimited discretion.'" *Id.* (quoting *Baumhoefener Nursery, Inc. v. A & D P'ship, II*, 618 N.W.2d 363, 368 (Iowa 2000)). "We review the court's award of attorney fees for an abuse of discretion." *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009). A court has abused its discretion "when the court rests its discretionary

ruling on grounds that are clearly unreasonable or untenable." *Id.* (quoting *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 342 (Iowa 2000)).

## III. Analysis

### A. Fees-on-fees

Joseph argues he is entitled to fees-on-fees and should be indemnified for the fees incurred for his actions to secure indemnification for his defense against WMG's claims. He insists the fees-on-fees are "a logical extension" of the statutory right to indemnification contained in Iowa Code section 489.408(1) (2017). WMG argues the district court properly denied Joseph's request for fees-on-fees.

"The right to recover attorney fees as costs does not exist at common law. In Iowa, they are not allowed 'in the absence of a statute or agreement expressly authorizing it.'" *Van Sloun*, 778 N.W.2d at 182 (quoting *Thorn v. Kelley*, 134 N.W.2d 545, 548 (Iowa 1965)). The district court denied Joseph's fees-on-fees claim because it found no authority upon its interpretation of section 489.408(1) in support of the award and found out-of-state authorities inapplicable. The district court turned to section 489.408(1) because the WMG organizational documents are silent on indemnification.[6] The statute states:

> A limited liability company shall reimburse for any payment made and indemnify for any debt, obligation, or other liability incurred by a member of a member-managed company or the manager of a manager-managed company in the course of the member's or manager's activities on behalf of the company, if, in making the payment or incurring the debt, obligation, or other liability, the

---

[6] The WMG Operating Agreement states in section 5.6, "The Managers shall be indemnified by the Company to the extent provided in the Company's Articles of Organization." The Articles of Organization are silent on indemnification.

member or manager complied with the duties stated in sections 489.405 and 489.409.[7]

Iowa Code § 489.408(1). We agree with the district court that there is no statutory language expressly permitting a litigant to seek reimbursement for attorney fees and costs incurred while enforcing the right to indemnification pursuant to section 489.408(1). There is also no statutory bar to that recovery.

WMG relies on *Van Sloun* for the legal rule that the fees Joseph requests cannot be awarded without statutory or contractual permission.[8] 778 N.W.2d at 182. We do not disagree with that rule, but it was not the deciding factor in *Van Sloun*. Instead, the *Van Sloun* court was tasked with determining whether to award attorney fees based on a statutory procedure for requesting attorney fees and one party's failure to object to non-compliance. *Id.* at 182–85.

The district court discussed one case in which our supreme court awarded extraordinary fees to an attorney. *See In re Estate of Bockwoldt*, 814 N.W.2d 215, 232–33 (Iowa 2012). In *Bockwoldt*, the court discussed the statutory root of extraordinary fees for personal representatives and attorneys in estate proceedings. *Id.* at 224–26. Our supreme court discussed the broad language of the statute allowing an attorney to request extraordinary fees for necessary services. *Id.* at 224–25. The court refused to create a bright-line rule barring

---

[7] Sections 489.405 and .409 govern, respectively, limits on distributions and standards of conduct for members and managers. The claims against Joseph were dismissed, and there was no finding he violated the sections listed.

[8] WMG also argues Joseph failed to prove the fees were reasonable and reasonably necessary. It is targeting an analysis of the claim based on the factors listed in in *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990). The district court never completed an analysis based on the *Landals* factors for the fees-on-fees claim. It is not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

applications for fees from being considered as extraordinary services, and instead it tasked district courts with examining "the individual facts of each case." *Id.* at 226. The district court concluded that *Bockwoldt* was inapplicable to the case at bar. However, it appears that the statute at issue in *Bockwoldt* had a similar purpose as section 489.408(1), to compensate for services performed on behalf of an estate in the case of *Bockwoldt* and a limited liability company here.

The "logical extension" Joseph requests has also been applied in other cases. In *Lynch v. City of Des Moines*, a female police officer filed suit pursuant to the Iowa Civil Rights Act, alleging she was subjected to "a sexually hostile work environment at the police department." 464 N.W.2d 236, 237–38 (Iowa 1990). Although the court declined to award the full fee Lynch requested based on the framework provided in *Landals*, it did award "fees and costs for the preparation and pursuit of the fee and cost application." *Lynch*, 464 N.W.2d at 240. The court examined the fee-shifting statute supporting an award of attorney fees for "[a] successful plaintiff in a civil rights action," and found "[c]ivil rights awards are intended to remedy the harm done by a civil rights violation and can be characterized more as an equitable remedy than as an award for actual damages." *Id.* The court noted "the purpose of the [Iowa Civil Rights Act] is to provide the injured party full relief, including the payment of the litigation expense of attorney fees." *Id.*

This court then followed the *Lynch* court's rationale in *D.D. v. Davenport Community School District*, No. 11-2094, 2013 WL 5228716, at *4 (Iowa Ct. App. Sept. 18, 2013). The *D.D.* court found the purpose of the *Lynch* statute was "materially similar" to the applicable civil enforcement statute. *Id.* The *D.D.* court

said, "To be afforded the full relief contemplated by law, an attorney must be able to collect fees incurred while attempting to collect the fees guaranteed by law." *Id.*

There are ways to distinguish both *Lynch* and *D.D.* from the case at bar. *Lynch* involved a civil rights claim against a governmental entity, a police department, and the relevant statute specifically addressed attorney fees. 464 N.W.2d at 240. *D.D.* focused on an open-records claim against a school district and also involved a statute that specifically addressed attorney fees. 2013 WL 5228716, at *4. "The reason a successful civil rights litigant is entitled to attorney fees 'is to ensure that private citizens can afford to pursue the legal actions necessary to advance the public interest vindicated by the policies of civil rights acts.'" *Lynch*, 464 N.W.2d at 239 (quoting *Ayala v. Center Line, Inc.*, 415 N.W.2d 603, 605 (Iowa 1987)). *D.D.* involved another important public interest, access to public records for examination. 2013 WL 5228716, at *3 (specifying the claim was raised pursuant to section 22.10, which does not require a plaintiff to prove authorization for injunctive relief). The case at bar does not involve a public entity or enforcement of a public interest matter. Nor does it involve a statute that explicitly deals with attorney fees. Yet, these cases establish a precedent for making a claimant whole.

Section 489.408(1) governs a wide set of duties through the language "any debt, obligation, or other liability." An attorney fee is a "charge to a client for services performed for the client." *Attorney's Fee*, Black's Law Dictionary (11th ed. 2019). A debt is a liability, "a specific sum of money due by an agreement or otherwise." *Debt*, Black's Law Dictionary. These definitions demonstrate that an attorney fee is a debt owed by a client, meaning it falls under the purview of section

489.408(1). The debt qualifies for mandatory indemnification only if it was incurred throughout Joseph's course of "activities on behalf of the company." Iowa Code § 489.408(1). The fees incurred here arose when Joseph filed suit to recover attorney fees subject to indemnification pursuant to section 489.408(1). The fees in the underlying litigation resulted when Joseph defended his actions as a manager of WMG and were related to his services as a manager of WMG. The fees he seeks to recover now are aligned with the purpose of the indemnification statute, which seeks to make a manager whole for expenses incurred at the service of a limited liability company. *See id.* Following the rationale and spirit of both *Lynch* and *D.D.*, the fees should thus qualify for indemnification despite the statute's failure to specifically mention attorney fees. *See Lynch*, 464 N.W.2d at 240; *D.D.*, 2013 WL 5228716, at *4.

B. Claim Splitting

WMG argues the district court should not have awarded any fees in this suit because the suit itself resulted from improper claim splitting.[9] WMG accuses Joseph of improperly splitting claims that should have been tried together into multiple suits. "Claim preclusion is 'based on the principle that a party may not split or try his [or her] claim piecemeal . . . . A party must litigate all matters growing

---

[9] WMG also argues no attorney fees should have been awarded because section 489.408(1) does not explicitly permit any. Based on our interpretation, attorney fees are a debt as described in section 489.408(1) and Joseph's fees were incurred for defense of conduct performed in the course of his activities as a manager of WMG. Even though Iowa Code section 489.110(7) states that an "operating agreement may alter or eliminate the indemnification for a member or manager provided by section 489.408," the operating agreement merely pointed to the articles of organization, which are silent on indemnification and do not alter or eliminate the statutory indemnification.

out of his [or her] claim at one time and not in separate actions." *Lemartec Eng'g & Constr. v. Advance Conveying Techs., L.L.C.*, 940 N.W.2d 775, 779 (Iowa 2020) (second alteration in original) (quoting *Iowa Coal Mining Co. v. Monroe Cnty.*, 555 N.W.2d 418, 441 (Iowa 1996)). Issue preclusion is a related doctrine that "prevents a party 'from relitigating in a subsequent action issues raised and resolved in [a] previous action.'" *Id.* (alteration in original) (quoting *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 103 (Iowa 2011)).

Renee first brought claims against Joseph and Jeanne, and Jeanne also raised cross-claims against Joseph. The claims against Joseph were filed alleging he breached his duties as a manager of WMG. Joseph then asserted his right to indemnification. While the court considered the indemnification question, Renee and Jeanne's claims were dismissed and WMG also filed a claim against Joseph for breach of fiduciary duties. On December 29, 2016, the district court found Joseph was entitled to indemnity for Renee and Jeanne's claims, but the WMG claims against Joseph had not been resolved. The WMG claim was eventually dismissed, following Joseph's uncontested motion for summary judgment. The present action was then filed to request fees that arose from (1) the federal claims initially filed by Renee that were dismissed for lack of subject matter jurisdiction, (2) an attempt to enforce the initial indemnity award from December 2016, (3) the WMG claim that followed Renee and Jeanne's Kossuth County claims, and (4) breach of warranty.[10] The district court declined to award indemnification for the claims filed in federal court but did indemnify Joseph for $68,831.10 of fees

---

[10] Counts two and four were resolved by the time of the bench trial.

incurred defending against the WMG claims in case ending 6869. WMG argues both claims should have been raised and decided as a part of the 2016 litigation.

When considering the doctrine of claim preclusion, courts "examine (1) the protected right, (2) the alleged wrong, and (3) the relevant evidence." *Iowa Coal*, 555 N.W.2d at 441. When examining relevant evidence, courts ask if both claims would be sustained by the same evidence. *Id.* If so, the actions are the same. *Id.* "If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other." *Id.* (quoting *Phoenix Fin. Corp. v. Iowa-Wis. Bridge Co.*, 20 N.W.2d 457, 461–62 (Iowa 1945)). However, "[t]he right to join related causes of action does not bar subsequent litigation of a distinct cause of action that was not joined." *Id.* at 442 (alteration in original) (quoting *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 401 (Iowa 1982)).

We find no argument that the claims of Renee, Jeanne, and WMG were based on independent acts performed by Joseph. But, Joseph's claims for fees did rely on independent acts of WMG, Renee, and Jeanne. The first claim resulted following a lawsuit filed in federal court that required litigation until the claims were dismissed. The second claim was to enforce a prior judgment that had not been fulfilled. The third claim was for fees incurred defending against WMG while the court considered indemnification for fees arising from the claims of Renee and Jeanne. The final claim was related to a deed provided by WMG to Joseph. Each claim raised in this case stemmed from a distinct set of facts, and none of the claims existing at the time of the bench trial was precluded.

C.      Miscalculation

WMG argues the district court miscalculated the value of the indemnification. WMG alleges the district court awarded fees that were unrelated to Joseph's indemnity claim and were incurred outside the period of litigation.

"[T]he district court is an expert on the issue of reasonable attorney fees." *Landals*, 454 N.W.2d at 879. An applicant bears the burden "to prove both that the services were reasonably necessary and that the charges were reasonable in amount." *Id.* Courts consider a number of factors including "the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results of obtained, the standing and experience of the attorney in the procession, and the customary charge for similar service." *Id.*

The district court discussed and made detailed findings on the *Landals* factors when it considered indemnification. *See id.* It reduced the hourly rate of an attorney and a paralegal to reflect the attorney's years of practice and the customary local rate for paralegal services. We find nothing clearly unreasonable or untenable in the district court's order awarding $68,831.10. *See Boyle*, 773 N.W.2d at 832.

IV.    **Conclusion**

Attorney fees fall under the definition of a debt described in section 489.408(1) and are therefore recoverable pursuant to that statute. *See* Iowa Code § 489.408(1). We find no abuse of discretion in the value of indemnification for the fees incurred in defending against WMG's claims. *See Boyle*, 773 N.W.2d at 832. Awarding attorney fees for legal services required to enforce indemnification

pursuant to section 489.408(1) follows the rationale of *Lynch* and its progeny. *See* 464 N.W.2d at 240; *see also D.D.*, 2013 WL 5228716, at *4. We reverse to the extent the district court declined to award any fees-on-fees and remand for an order allowing fees-on-fees and for the district court to determine a reasonable amount. Joseph's claims were based on distinct facts and are not precluded. *See Iowa Coal*, 555 N.W.2d at 441.

**REVERSED AND REMANDED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

Doyle, P.J., concurs; May, J., dissents.

**MAY, Judge** (dissenting).

We are bound by the "words chosen by the legislature." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017); *see Holland v. State*, 115 N.W.2d 161, 164 (Iowa 1962) ("It is our duty to accept the law as the legislative body enacts it."). The words of Iowa Code section 489.408(1) (2017) require a limited liability company (LLC) to indemnify managers for certain debts, obligations, and other liabilities "incurred by . . . the manager . . . in the course of the . . . manager's activities *on behalf of*" the LLC.[11]  (Emphasis added.)  But nothing in section 489.408(1) requires an LLC to pay attorney fees incurred by managers when they litigate *against* the LLC.  So I would hold that section 489.408(1) *does not* require an LLC—such as WMG—to indemnify a former manager—such as Goche—for attorney fees incurred while defending himself in litigation against the LLC.  I would also hold that section 489.408(1) does not require WMG to pay Goche "fees-for-fees," that is, the additional attorney fees Goche incurred when he sued WMG for reimbursement of fees he incurred during prior litigation against WMG.  I respectfully dissent.

"Iowa follows the American rule," which normally requires litigants to pay their own attorney's fees. *NCJC, Inc. v. WMG, L.C.*, ___ N.W.2d ___, ___, 2021

---

[11] Here is the full text of section 489.408(1):

> A limited liability company shall reimburse for any payment made and indemnify for any debt, obligation, or other liability incurred by a member of a member-managed company or the manager of a manager-managed company in the course of the member's or manager's activities on behalf of the company, if, in making the payment or incurring the debt, obligation, or other liability, the member or manager complied with the duties stated in sections 489.405 and 489.409.

WL 2171604, at *3 (Iowa 2021) (citation omitted). There is an exception for statutory attorney fees.[12] *See id.* But our supreme court has long held that statutory attorney fees cannot be awarded unless a statute "expressly" authorizes attorney fees. *See, e.g.*, *Thorn v. Kelley*, 134 N.W.2d 545, 548 (Iowa 1965) (noting attorney fees "cannot be . . . allowed in the absence of a statute or agreement expressly authorizing it"). So courts cannot award "statutory attorneys' fees by implication." *Seeberger v. Davenport Civ. Rts. Comm'n*, 923 N.W.2d 564, 569 (Iowa 2019) (citation omitted). And "generalized language" is not sufficient. *See Botsko v. Davenport Civ. Rts. Comm'n*, 774 N.W.2d 841, 846 (Iowa 2009). Rather—and by way of conscious repetition—courts can only award fees if a "statute *expressly* allow[s] such an award." *See Baldwin v. City of Estherville*, 929 N.W.2d 691, 700 (Iowa 2019) (emphasis added) (holding attorney fees were unavailable because there was no "statute expressly allowing such an award"); *see also* 1 Robert L. Rossi, Attorneys' Fees § 6.7 (3d ed. June 2020 update) (noting "provisions containing language that does not explicitly mention attorneys' fees are generally held not to authorize such fees" (footnote omitted)).

Consistent with this approach, our legislature normally uses clear and unmistakable language—like the phrase "attorney fees"—to expressly authorize attorney fees. *See, e.g.*, Iowa Code §§ 9A.116(1) ("In an action under this section, the court may award costs and reasonable attorney fees to the prevailing party."), 21.6(3)(b) (requiring the court to "order the payment of all costs and reasonable

---

[12] Attorney fees can also be awarded if a contract authorizes them, *see* Iowa Code § 625.22, or if the stringent requirements for common law fees are met, *see Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines*, 510 N.W.2d 153, 158 (Iowa 1993). No one suggests these options apply here.

attorney fees in the trial and appellate courts to any party successfully establishing a violation of this chapter"), 29C.25(3)(c) ("In an action or proceeding to enforce this section, the court shall award the prevailing plaintiff reasonable court costs and attorney fees."), 66.23 ("If the petition for removal is dismissed, the defendant shall be reimbursed for the reasonable and necessary expenses incurred by the defendant in making a defense, including reasonable attorney's fees, as determined by the court."), 80A.16A(2) ("The judgment shall include an award of treble damages, and recovery of costs and reasonable attorney fees."), 91.4(5) ("Except as provided in chapter 91A, the commissioner may recover interest, court costs, and any attorney fees incurred in recovering any amounts due."), 100B.14(9) ("If the employee prevails in such an action, the employee shall be entitled to an award of reasonable attorney fees and the costs of the action."), 123A.9(5) ("The prevailing party in an action under subsection 1 shall be entitled to actual damages, court costs, and attorney's fees at the court's discretion.").

For example, in each of the cases relied on by the majority, the court addressed a statute that expressly mentioned "attorney fees" or, at least, compensation of "attorneys" for their "services." *See In re Estate of Bockwoldt*, 814 N.W.2d 215, 223 (Iowa 2012) (interpreting section 633.199, which authorizes "allowances" for "personal representatives and their attorneys for actual necessary and extraordinary expenses and services"); *Lynch v. City of Des Moines*, 464 N.W.2d 236, 240 (Iowa 1990) (interpreting provisions now codified as Iowa Code section 216.15(9)(a)(8) that authorize the award of "reasonable attorney fees"); *D.D. v. Davenport Cmty. Sch. Dist.*, No. 11-2094, 2013 WL 5228716, at *3 (Iowa Ct. App. Sept. 18, 2013) (interpreting section 22.10, which requires the court to

"order the payment of all costs and reasonable attorney fees, including appellate attorney fees, to any plaintiff successfully establishing a violation of this chapter").

As another example, consider section 489.906. There the legislature expressly authorized awards of "reasonable attorney fees and costs" to successful plaintiffs in derivative actions on behalf of LLCs. Iowa Code § 489.906(2). And yet section 489.408(1)—which also governs LLCs—does not include the phrase "attorney fees." Nor does it include any obvious synonym for "attorney fees." So I hesitate to say section 489.408(1) *expressly* authorizes "attorney fees." *See Seeberger*, 923 N.W.2d at 569 (noting Iowa's "demanding approach," under which our supreme court "reject[s] awarding statutory attorneys' fees by implication and require[s] express language" (citation omitted)).

As mentioned, though, section 489.408(1) sometimes[13] requires LLCs to "indemnify" managers for a "debt, obligation, or other liability incurred . . . in the course of the . . . manager's activities on behalf of the company." And as the majority notes, attorney fees could constitute a "debt" incurred by a manager. *See Standard Water Control Sys., Inc. v. Jones*, 938 N.W.2d 651, 658 (Iowa 2020) (noting attorney fees could be "a debt" incurred through collection efforts). So

---

[13] I have not dwelled on the additional requirements of section 489.408(1), namely, that "*in* making the payment or *incurring the debt*, obligation, or other liability, the member or manager complied with *the duties stated in sections 489.405 and 489.409.*" (Emphasis added.) But these requirements may offer additional support for my view. Section 489.405 prohibits improper distributions by an LLC; section 489.409 addresses the manager's fiduciary duties to the LLC. So all of the "duties stated in sections 489.405 and 489.409" applied to Goche's conduct while he was serving as WMG's *manager*. But they have no relevance to Goche's conduct as WMG's *adversary* in the prior litigation or in this case. They have no relevance to the attorney-client relationships that led to the attorney fees Goche seeks here. So it is not clear how—"*in . . . incurring*" those attorney fees—Goche "complied with the duties stated in sections 489.405 and 489.409."

section 489.408 might require indemnity of a manager's attorney fee "debts" *if* they were "incurred . . . in the course of the . . . manager's activities on behalf of the company." But this is a big "if." Statutory attorney fees cannot be awarded unless the facts "come clearly within the terms of the statute." *Thorn*, 134 N.W.2d at 548; *accord Branstad v. State ex rel. Nat. Res. Comm'n*, 871 N.W.2d 291, 294 (Iowa 2015); *Van Sloun v. Agans Bros.*, 778 N.W.2d 174, 182 (Iowa 2010); *Botsko*, 774 N.W.2d at 845*; Rea v. Iowa Dist. Ct.*, 877 N.W.2d 869, 871 (Iowa Ct. App. 2016).

Goche's attorney fee claims do not fit "clearly within the terms of" section 489.408(1). *Cf. Thorn*, 134 N.W.2d at 548. Goche is not asking for fees he incurred while defending WMG against a third-party's lawsuit, or while trying to collect receivables owed to WMG, or while pursuing any other "activities *on behalf of*" WMG. *See* Iowa Code § 489.408(1) (emphasis added). On the contrary, Goche is asking for fees he incurred while defending himself *against WMG*. He is also asking for fees he incurred while *suing WMG* in this case. All of those fees were incurred while Goche litigated on *his own behalf* as WMG's *adversary*. None of those fees were "incurred . . . in the course of" any "activities *on behalf of*" WMG. *See id.* (emphasis added). So none of Goche's claims can succeed. *Cf. Standard Water Control Sys.*, 938 N.W.2d at 658 (concluding attorney fees available under section 572.32 "to enforce a mechanic's lien" did not constitute "debts . . . incurred for work done or material furnished exclusively for the improvement of the homestead" for purposes of section 561.21 and noting, "Attorney fees are not a debt incurred for work done or material furnished. They are a debt incurred for *collecting* a debt for work done or material furnished.").

As Goche points out, however, his attorney fee claims *are* causally related to his previous service for WMG. "But for" Goche's prior service as WMG's manager: (1) WMG would not have sued him for his allegedly improper actions as a manager; (2) so he would not have incurred fees to defend against WMG's claims; (3) and he would have had no reason to sue WMG to recover those defense fees; (4) nor would he have incurred additional "fees-for-fees" while trying to recover those defense fees. In Goche's view, these "but for" connections are enough to require indemnity under section 489.408(1).

I respectfully disagree. Goche's theory might be viable if, for example, section 489.408(1) required LLCs to indemnify former managers for any debt "arising from" their past service to the LLC. *Compare* Iowa Code § 489.408(1), *with id.* § 489.408(2) (authorizing insurance against liability "arising from" the manager's status as manager). Words like those might allow Goche to recover any attorney fee debts that have a causal connection to his prior service. *Cf. Koehler Elec. v. Wills*, 608 N.W.2d 1, 3 (Iowa 2000) ("An injury 'arises out of' the employment when there is a causal relationship between the employment and the injury." (citation omitted)).

But that is not what the statute says. Instead, section 489.408(1) only allows managers to recover debts "incurred in the course of the . . . manager's activities *on behalf of* the company." (Emphasis added.) Goche's attorney fee debts were incurred through litigation against WMG. And no one claims Goche's litigation *against* WMG was an "activit[y] *on behalf of* the company." *See* Iowa Code § 489.408(1) (emphasis added). Indeed, isn't litigation against a company *the opposite of* "activit[y] *on behalf of* the company"? *See id.* (emphasis added).

In any event, for the reasons discussed, I cannot conclude section 489.408(1) requires WMG to pay Goche for the attorney fees he incurred through his litigation against WMG.  I respectfully dissent.